**Bixler v. Commonwealth**

*Matthew X. Haeckler,* for petitioner.

*John R. Kachur,* for respondent.

KUHN, *J.,* December 16, 1992—At issue is the applicability of section 1786(d) of the Vehicle Code, 75 Pa.C.S. §1786(d).

The following facts appear of record. Petitioner, Calvin Lee Bixler, is the registered owner of a 1987 Chevrolet pickup and a 1981 VW Jetta which were insured by the Brotherly Aid Liability Plan. On February 28, 1992, the insurer notified petitioner that the second payment on his premium was due on or before May 13, 1992. That notice stated "Grace periods *cannot* be granted for partial payments. If a payment is not received in the office by the due date, coverage for the vehicles listed will be cancelled." Petitioner failed to make that payment and his insurance lapsed.

Petitioner did obtain coverage for the vehicles on June 23, 1992.

By notice dated August 7, 1992, the Department of Transportation notified petitioner that his registration would be suspended for three months effective September 14, 1992, for having a lapse of insurance coverage in excess of 21 days. Petitioner filed a timely appeal and hearing was held before the undersigned on October 21, 1992. I questioned DOT's interpretation of section 1786(d) and gave counsel an opportunity to submit memorandum:[*]

"§1786(d) provides:

"The Department of Transportation shall suspend the registration of a vehicle if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the

---

[*] DOT did not file a memorandum.

department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility.... Whenever the department revokes or suspends the registration of any vehicle under this chapter, the department shall not restore the registration until the vehicle owner furnishes proof of financial responsibility in a manner determined by the department and submits an application for registration to the department, accompanied by the fee for restoration of registration provided by section 1960. This subsection shall not apply in the following circumstances:

"(1) The owner or registrant proves to the satisfaction of the department that the lapse in financial responsibility coverage was for a period of less than 21 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility."

I conclude, as I did at hearing, that the three-month suspension provided for in section 1786(d) applies only to operating privileges if the vehicle was operated during the period of lapse and not to the suspension of registration as DOT has imposed in this case. This same issue has recently come before several other courts of this Commonwealth who have reached the same conclusion. See *Knopsnider v. Tobin,* Fayette County Court of Common Pleas, no. 2594 of 1991 (February 13, 1992), *PennDOT v. Sassaman,* 42 Cumb. L.J. 179 (1992). I would adopt the reasoning in those opinions.

For this reason the suspension as imposed must be reversed.

Petitioner also claims that section 1786(d) is inapplicable because his lapse of coverage did not exceed 21 days. He contends that his policy allowed a 30- day grace period beyond the lapse date of May 13, 1992. Thus, his lapse was only 11 days (June 12-23, 1992).

However, petitioner provided no evidence to corroborate this contention. His unsupported testimony is contradicted by the notice sent to him by the insurer on February 28, 1992, which states that no grace period would be in effect [even] if partial payment was not made by the due date. Therefore, I decline to hold that the exemption found in section 1786(b) is applicable.

I make no ruling whether petitioner, who is now insured, must nevertheless submit a fee and file an application for restoration of registration privileges because, unlike *Sassaman, supra,* there was no stipulation in the instant record that petitioner did not operate the vehicles during the period of insurance lapse.

## ORDER OF COURT

And now, December 16, 1992, the order of suspension of petitioner's registration privileges for a period of three months by notice dated August 7, 1992, is reversed.